IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRACY BLY, individually and on behalf of all persons similarly situated, 179 Dickerson Ave., Bellville, Ohio 44813 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: JUDGE COMPLAINT (Jury Demand Endorsed Hereon) |
| Plaintiff, | | |
| v. | | |
| BJ INSPECTIONS, INC. 246 Maple Street Westfield, Pennsylvania 16950 | | |
| Defendant. | | |

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Tracy Bly ("Bly"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant BJ Inspections, Inc. ("BJI" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111, *et seq.*, the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15., and all other applicable Ohio state law. The following allegations are based on personal knowledge as to Bly's own conduct and on information and belief as to the acts of others.

JURISDICTION AND VENUE

1. Jurisdiction over Bly's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Bly's state law claims because those claims derive from a common nucleus of operative facts. Bly's state law claims are brought pursuant to Ohio Revised Code Chapter 4111.

3. Venue in this court is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Bly's and Class Members' claims occurred within this judicial district. Bly and other Class Members performed work in this judicial district and were paid pursuant to BJI's unlawful pay policy in this judicial district, and BJI routinely conducts business in this judicial district.

## PARTIES

4. At all times relevant herein, Bly was a resident of the City of Lima, County of Allen, State of Ohio and is a United States Citizen.

5. Beginning on or about March 22, 2016, Bly was an "employee" in the "employ" of BJI, as defined in 29 U.S.C. §§ 203(e)(1) and (g) and R.C. 4111.03(D)(1) and (3).

6. BJI did not employ Bly in a bona fide executive, administrative or professional capacity and Bly did not perform work for BJI in a bona fide executive, administrative or professional capacity, as defined in 29 U.S.C. § 213(a)(1) and R.C. 4111.03(D)(3)(d).

7. Bly and the Class Members were engaged in commerce or in the production of goods for commerce.

8. For most of the relevant time period stated herein, Bly was employed by BJI as a utility inspector in Lima, Ohio. Pursuant to 29 U.S.C. §216(b), Bly has consented in writing to being a Plaintiff in this action. *See Exhibit 1*.

9. BJI is a servicing corporation providing pipeline inspections to oil and gas companies throughout the United States, including in this District. BJI also provides quality

assurance, quality control, and managerial services to the oil and gas industry. BJI has not issued shares to the public and has no parents, subsidiaries, and/or affiliates that have issued shares or debt securities to the public.

10. BJI is incorporated in Pennsylvania and maintains its corporate headquarters in Westfield, Pennsylvania, and for all relevant times herein stated was an "employer", as defined in 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

11. At all times relevant herein, BJI has been part of an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, BJI has been part of an enterprise engaged in commerce or in the production of goods for commerce with the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated.

13. BJI employed Bly and continues to employ similarly situated employees.

## CLASS DEFINITIONS

14. Bly brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential opt-in litigants:

> All current or former employees of BJI who performed work in the United States at any time between January 1, 2016 and the present, who were paid pursuant to a daily rate compensation system (the "FLSA Class").

15. Bly brings this lawsuit for Counts II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current or former employees of BJI who performed work in Ohio at any time between February 1, 2012[1] and the present, who were paid pursuant to a daily rate compensation system (the "Ohio Class").

16. The FLSA Class and the Ohio Class are together referred to as the "Classes."

17. Bly reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTUAL BACKGROUND

18. BJI employs utility inspectors, such as Bly, who perform a variety of inspection services on oil and gas pipelines for energy, public utility, and pipeline companies in this judicial district and throughout the United States, specifically Pennsylvania, West Virginia, New York, and Ohio.

19. Bly and the FLSA Class members are blue collar workers who are primarily engaged in manual labor duties.

20. Bly was first hired by BJI in or about September, 2015. Bly was initially paid at an hourly rate until she was laid off in or about December, 2015. In the interim, BJI switched its payment scheme for the Class members from that of an hourly rate to a daily rate. Bly was then rehired by BJI in or about March 22, 2016 under the new daily rate pay system. *A true and accurate copy of the March 22, 2016 employment agreement of Plaintiff Tracy Bly is attached hereto as Exhibit 2*.

21. BJI utility inspectors such as Bly and the Class Members do not hire, fire, discipline, supervise, or exercise independent judgment or discretion.

22. Bly and the Class Members' typical duties consisted of inspecting the installation of plastic and steel gas main lines, examining numerous phases of pipeline and related facilities

---

[1] The statute of limitations for Bly's unjust enrichment claim is six years, pursuant to R.C. 2305.07. Therefore, employees may be members of the Ohio Class if they were employed on or after February 20, 2012, for at least one of the claims alleged on behalf of the Ohio Class.

construction, enforcing safety policies and company contract specifications, verifying that all systems are running properly, making recommendations to fix faulty components, filling out reports, and inspecting Public Utilities Commission of Ohio ("PUCO") upgrades. During Bly's employment, BJI contracted with Dominion Energy Ohio, Inc. ("Dominion") to provide utility inspectors and other employees to assist and facilitate various duties.

23. The Class Members conduct their day to day activities within designated parameters and in accordance with pre-determined schedules and guidelines.

24. The Class Members' activities are routine and largely governed by standardized plans and checklists created by BJI and/or its clients such as Dominion.

25. Every element of the Class Members' jobs are predetermined for them by BJI and/or its clients.

26. The Class Members' job functions are primarily manual labor/technical in nature, requiring little to no official training. Likewise, a college education is not required.

27. Bly and the Class Members worked similar hours and were uniformly denied proper overtime compensation as required by the FLSA and Ohio law as a result of the same illegal pay practice.

28. BJI had, at all relevant times described herein, a policy or practice of failing to compensate Bly and the Classes for all hours worked.

29. BJI paid, at all relevant times described herein, Bly and the Classes pursuant to a daily rate compensation system that did not take into account the hours worked in a workweek or overtime hours. Specifically, BJI paid Bly and the Classes a specific set amount per each day that they worked.

30. Under BJI's daily rate pay system, Bly and the Class members were paid at a rate of $280.00 per day worked. Moreover, inspectors would be paid overtime for hours worked ***on Sunday only [emphasis added]*** at a rate of $42.00 per hour. *See Exhibit 2*.

31. Bly routinely worked an average of five to six days per week and more than ten hours per day. Bly observed that the members of the Classes routinely worked similar schedules.

32. Bly and the Class members rarely, if at all, were even scheduled to work on Sundays and receive overtime pay. Despite this, Bly and the Class members regularly worked an excess of 40 hours per week.

33. BJI did not pay Bly and the Classes any compensation for hours worked over forty (40) per workweek.

34. BJI, at all relevant times described herein, did not maintain accurate records of the hours that Bly and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA.

35. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar daily rate compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc., 636 F.3d 1266, 1268 (10th Cir. 2011)*. Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. BJI has allegedly switched back to an hourly rate as of January 22, 2018. *A true and accurate copy of BJI's notice to Plaintiff Tracy Bly of switching to hourly pay rate is attached hereto as Exhibit 3*.

36. BJI has acted willfully and/or with reckless disregard of applicable FLSA and Ohio state law provisions, by failing to properly compensate Bly and the Classes for hours worked in excess of forty (40) during the workweek.

37. Moreover, during the entire relevant time period, BJI was aware that the Classes were not properly compensated under the FLSA and Ohio state law, because it failed to properly track, monitor, or record the actual number of hours per day that Bly and the FLSA Class members worked, as required by the FLSA, and incredibly, even instructed Bly and the FLSA Class members to falsify their actual time worked.

38. At all times relevant, BJI utilized computer time sheets for inspectors to log their hours worked. BJI routinely instructed Bly and other inspectors to only log in ten (10) hours of work despite the number of hours actually worked. BJI instructed them not to log the correct amount of all hours actually worked.

39. Additionally, BJI continually refused to compensate and/or include drive time into Bly and the Class Members' total hours worked.

40. BJI instructed Bly not to question her compensation or BJI's calculation of her hours worked or else she would be "gotten rid of."

## COLLECTIVE ACTION ALLEGATIONS

41. Bly brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

42. Bly deserves to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

43. Bly and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to BJI's previously described

common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, BJI's common compensation, timekeeping, and payroll practices.

44. Specifically, BJI paid Bly and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

45. The similarly situated employees are known to BJI, are readily identifiable, and may be located through BJI's records and the records of any payroll companies that BJI utilizes. BJI employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

46. Bly brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Ohio Class defined above.

47. The members of the Ohio Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Ohio Class.

48. Bly will fairly and adequately represent and protect the interests of the Ohio Class because there is no conflict between the claims of Bly and those of the Ohio Class, and Bly's claims are typical of the claims of the Ohio Class. Bly's counsel are competent and experienced

in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

49. There are questions of law and fact common to the proposed Ohio Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether BJI has violated and continues to violate Ohio law through its policy or practice of not paying its day rate employees overtime compensation.

50. Bly's claims are typical of the claims of the Ohio Class in the following ways, without limitation: (a) Bly is a member of the Ohio Class; (b) Bly's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Ohio Class; (c) Bly's claims are based on the same legal and remedial theories as those of the Ohio Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Bly and the Ohio Class members; and (e) the injuries suffered by Bly are similar to the injuries suffered by the Ohio Class members.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual Class members.

52. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Ohio Class is readily identifiable from

BJI's own employment records. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual Ohio Class members that would establish incompatible standards of conduct for BJI.

53. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impracticable. Further, the amounts at stake for many of the Ohio Class members, while substantial, are not great enough to enable them to maintain separate suits against BJI.

54. Without a class action, BJI will retain the benefit of its wrongdoing, which will result in further damages to Bly and the Ohio Class. Bly envisions no difficulty in the management of this action as a class action.

### FIRST CAUSE OF ACTION

55. All the allegations contained in paragraphs 1-54 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

56. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed pursuant to U.S.C. § 207(a)(1).

57. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek pursuant to 29 C.F.R. § 778.112.

58. BJI's compensation scheme applicable to Bly and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

59. By engaging in the above-described acts and omissions, which acts and omissions were intentional, willful, extreme and outrageous, Defendant knowingly failed to compensate Bly and the FLSA Class at a rate of one and one-half (1 ½ ) times the regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

## SECOND CAUSE OF ACTION

60. All the foregoing allegations contained in paragraphs 1-59 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

61. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Bly and the FLSA Class, in violation of the FLSA.

## THIRD CAUSE OF ACTION

62. All the foregoing allegations contained in paragraphs 1-61 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

63. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Bly and the Ohio Class, in violation of the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34.

## FOURTH CAUSE OF ACTION

64. All the allegations contained in paragraphs 1-63 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

65. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully violated the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34 by failing to pay Bly and the Ohio Class for all hours worked and failing to pay Bly and the Ohio Class all overtime compensation due them.

## FIFTH CAUSE OF ACTION

66. All the allegations contained in paragraphs 1-65 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

67. At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Bly and the Ohio Class without paying overtime compensation for all hours worked.

68. Contrary to all good faith and fair dealing, BJI induced Bly and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

69. By reason of having secured the work and efforts of Bly and the Ohio Class without paying overtime compensation as required by law, BJI enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Bly and the Ohio Class. BJI retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

70. By engaging in the above-described acts and omissions, which acts and omissions were intentional, willful, extreme and outrageous, including receiving and benefiting from the uncompensated labors of Bly and the Ohio Class, BJI has been unjustly enriched.

WHEREFORE, Bly, individually and on behalf of all others similarly situated, respectfully requests that this Court grant the following relief against Defendant BJ Inspections, Inc.:

1. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b); and

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members; and

3. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Ohio Class; and

4. Compensatory damages for all unpaid compensation, including overtime compensation, the exact amount to be determined at trial; and

5. Liquidated and/or treble damages as allowed by the FLSA, the OMFWSA, the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15; and

6. Pre-judgment and post-judgment interest on damages; and

7. Punitive damages, in an amount necessary and appropriate to punish, the exact amount to be proven at trial; and

8. Reasonable litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

9. Such further relief as this Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff Bly requests a jury trial on all legal matters contained in the Complaint.

                                          CONSOLO LAW FIRM CO., LPA

                                          /s/ Frank Consolo
                                          FRANK CONSOLO [0042455]
                                          HORACE F. CONSOLO [0096571]
                                          212 Hoyt Block
                                          700 West St. Clair Avenue
                                          Cleveland, Ohio  44113
                                          (216) 696-5400 FAX (216) 696-2610
                                          fconsolo@consololaw.com
                                          hconsolo@consololaw.com
                                          *Attorneys for Plaintiff*